UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DARNELL AUSTIN, on behalf of himself and all others similarly situated,**<br><br>   **Plaintiffs,**<br><br>  v.<br><br>**DOORDASH, INC.,**<br><br>   **Defendant.** | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 (a) and (d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453, Defendant DoorDash, Inc. ("DoorDash") hereby removes the above-captioned action, which is currently pending in the Suffolk County Superior Court, Commonwealth of Massachusetts. In support of its Notice of Removal, DoorDash respectfully states as follows:

**I. Background**

  1. On or about September 26, 2017, a putative class action complaint was filed against DoorDash in Suffolk County Superior Court of Massachusetts, entitled *Darnell Austin, on behalf of himself and all others similarly situated v. DoorDash, Inc.*, Case No. 17-CV-3098-F (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served on DoorDash in the State Court Action is attached hereto as Exhibit A. Upon information and belief, no further proceedings have been held in the Suffolk County Superior Court. Because the Suffolk County Superior Court lies within this district, the proper forum for removal pursuant to 28 U.S.C. §§ 1441 and 1446(a) is the United States District Court for the District of Massachusetts.

2. DoorDash accepted service of the Complaint in the State Court Action on November 28, 2017.

3. In accordance with the requirements of 28 U.S.C. § 1446, this Notice of Removal has been timely filed.

4. DoorDash is a technology startup that facilitates food delivery through its online platform. Customers use DoorDash's smartphone application (the "App") to request a driver, who picks up the customer's food at a restaurant and delivers the food to the customer at their home or business.

5. Plaintiff's Complaint contains two counts against DoorDash: (a) violation of M.G.L. c. 149 §§ 148, 148B; and (b) violation of M.G.L. c. 151 §§ 1, 7. Plaintiff brings this claim as a class action, pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure, on behalf of a class of delivery drivers who connect with customers through the DoorDash smartphone application to provide delivery services in Massachusetts. *See* Complaint ¶¶ 1-2.

6. In substance, Plaintiff asserts that DoorDash misclassified delivery drivers who use the App as independent contractors, and in so doing violated Massachusetts law by failing to pay minimum wage and reimburse the drivers for the business expenses that are "necessary to perform their work." Complaint at 4-5.

**II.    Grounds For Removal**

    **A.    This Court Has Jurisdiction Pursuant to the Class Action Fairness Act**

7. This Court has original jurisdiction under the Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which: (1) the proposed class contains at least 100 members; (2) the primary defendant is not a state, state

official, or other governmental entity; (3) any member of the class of plaintiffs is a citizen of a state different from any defendant; and (4) where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *Id*. This action meets all the CAFA criteria and therefore is removable by Defendants pursuant to 28 U.S.C. §§ 1441 and 1453.

8. Plaintiff purports to bring this case as a class action on behalf of themselves and all other similarly situated individuals pursuant to Rule 23 of the Massachusetts Rules of Civil Procedure. Complaint ¶ 2. Rule 23 authorizes an action to be brought by one or more representative persons as a class action. As such, this action is properly considered a class action under CAFA.

9. <u>Putative Class Members</u>. Plaintiff's Complaint states that he seeks to represent a class of DoorDash delivery drivers working for DoorDash in Massachusetts. *See* Complaint ¶ 2. DoorDash records show that there have been more than 100 different delivery drivers who worked in Massachusetts during the relevant limitations period (from September 27, 2014 to present). Therefore, this action satisfies CAFA's 100-member threshold.

10. <u>Plaintiff's Citizenship</u>. As alleged in the Complaint, the named Plaintiff resides in Massachusetts. *See* Complaint ¶ 3.

11. <u>Defendant's Citizenship</u>. DoorDash is a Delaware corporation with a principal place of business in Palo Alto, California. Complaint ¶ 4. DoorDash is not a state, state official, or other governmental entity.

12. There is diversity of citizenship under 28 U.S.C. § 1332(d)(2)(A), which requires only that at least one class member is a citizen of a state different from at least one defendant. According to the Complaint, the named plaintiff resides in Massachusetts, where DoorDash is neither organized and has a principal place of business. Further, because the claims

set forth in the Complaint are based exclusively on Massachusetts statutes, it is reasonable to infer that the majority of putative class members reside in Massachusetts.

13. <u>Amount in Controversy</u>.  In addition, although Plaintiff has not alleged the amount of his individual damages, or the alleged damages of the putative class, there is a reasonable probability that the amount in controversy exceeds the sum of $5,000,000.  Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought…."  Senate Judiciary Committee Report, S. REP. 109-14, at 42.  Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  S.REP. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case ….  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").  For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).  DoorDash need only establish that there is a "reasonable probability" that the actual potential class damages alleged exceed $5,000,000.  *See Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48-49 (1st Cir. 2009); *Manson v. GMAC Mortg., LLC*, 602 F. Supp. 2d 289, 293 (D. Mass. 2009); *see also Dart Cherokee Basin Operating Co. v.*

*Owens*, 135 S.Ct. 547, 554 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

14.     Assuming for purposes of removal only that Plaintiff's purported class members are entitled to any damages, which DoorDash denies, there is a reasonable probability such damages will exceed $5,000,000, as evidenced by the allegations set forth on the face of the Complaint and DoorDash's records.  Plaintiff alleges that DoorDash failed to pay delivery drivers the Massachusetts minimum wage.  As an example, Plaintiff asserts that he earned less than $5.55 per hour during one week in 2017.  Complaint ¶ 15.  The Massachusetts Wage Act contains a three-year statute of limitations.  M.G.L. c. 149 § 150.  Assuming drivers who used the DoorDash application should have been paid the state minimum wage in effect from September 2015 through the present, DoorDash could theoretically be required to pay up to $1.07 million in damages, based on a review of company records concerning the total amount paid to drivers and the total number of driver "hours on app" (*i.e.*, the number of hours in which the driver is "logged in" and available to accept delivery requests).  Under Massachusetts law, that figure would be subject to automatic trebling, for a total of $3.2 million.  *See* M.G.L. c. 149 § 150.

15.     In addition, Plaintiff alleges that DoorDash failed to reimburse the putative class members for their "business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans…."  Complaint at 5.  Based on Company records estimating the number of miles logged for DoorDash deliveries since the beginning of the statutory period, and using the IRS mileage reimbursement rates in effect in the years in question, reimbursing Massachusetts drivers for their car mileage would cost the

Company approximately $987,283 – or $2.96 million trebled. Expenses associated with "smartphones and data plans" would drive that figure even higher.

16. In light of the foregoing, the "amount in controversy" as of the date of this submission is clearly over $5 million.

17. In sum, DoorDash denies the validity and merit of all of Plaintiff's claims and states that neither Plaintiff nor the putative class is entitled to any relief whatsoever. However, assuming Plaintiff's claims to be meritorious for purposes of removal only, it is apparent from the face of the Complaint and DoorDash records that the amount in controversy in this action satisfies the jurisdictional minimum.

18. Because (a) diversity of citizenship exists under CAFA, since at least one putative class member is a citizen of a state different from that of the Defendant; (b) there are more than 100 putative class members; and (c) the amount in controversy exceeds $5,000,000, this court has original jurisdiction of the action pursuant to 28 U.S.C.§ 1332(d)(2). This action is therefore a proper one for removal to this Court.

**B.   None of the Exceptions to CAFA Jurisdiction Applies in This Case**

19. It is Plaintiff's burden to prove that an exception to CAFA jurisdiction applies. *See Grimsdale v. Kash N' Karry Food Stores, Inc.*, 564 F.3d 75, 78 (1st Cir. 2009); *Mack v. Wells Fargo Bank, NA*, 2011 U.S. Dist. LEXIS 38491, *14 (D. Mass. Apr. 8, 2011). Nevertheless, none of the exceptions to CAFA jurisdiction applies in this case. *See* 28 U.S.C. §§ 1332(d)(3) and (4).

**C.   Doordash Has Satisfied the Other Requirements for Removal**

20. A true and correct copy of this Notice of Removal has been forwarded for filing in the Suffolk County Superior Court. Attached as <u>Exhibit B</u> is a copy of the Notice to

Clerk of Suffolk County Superior Court of the Filing of Notice of Removal, the original of which is being filed with the Clerk of the Suffolk County Superior Court as required by 28 U.S.C. § 1446(d).

21.     <u>Venue</u>.  Venue lies in this Court pursuant to 28 U.S.C. § 1391.  This action originally was brought in the Suffolk County Superior Court, and the Complaint alleges that a substantial portion of the events or omissions allegedly giving rise to the Plaintiff's claims occurred in this District.  *See* Complaint ¶¶ 6-10.

22.     Defendant files this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserves, any and all defenses and affirmative defenses.

WHEREFORE, Defendant DoorDash, Inc. hereby removes the above-captioned action, currently pending in Suffolk County Superior Court, to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DOORDASH, INC.,

By its attorneys,

/s/ Michael Mankes
Michael Mankes (BBO #662127)
Francis J. Bingham (BBO No. 682502)
LITTLER MENDELSON, P.C.
One International Place, Suite 2700
Boston, Massachusetts 02110
(T) (617) 378.6000
(F) (617) 737.0052
mmankes@littler.com
fbingham@littler.com

Dated: December 19, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2017, a true and accurate copy of the foregoing documents was served via first-class mail, postage prepaid to the following:

Shannon Liss-Riordan
Adelaide Pagano
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

          /s/ Michael Mankes
          Michael Mankes

Firmwide:150558213.1 084516.1021