## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                              SUPERIOR COURT
                                          C. A. NO.  17-3098-F

DARNELL AUSTIN, on behalf of )
himself and all others similarly situated, )
)
                Plaintiffs, )
)
v. )
)
DOORDASH, INC., )
)
                Defendant. )

[Filing stamp: MICHAEL JOSEPH DONOVAN, CLERK / MAGISTRATE, 2017 SEP 26 P 3: 0[?], SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE]

### CLASS ACTION COMPLAINT

1. This case is brought on behalf of individuals who have worked as delivery drivers for DoorDash.com, Inc. ("DoorDash") in the Commonwealth of Massachusetts. DoorDash is a food delivery service that provides delivery drivers who can be scheduled and dispatched through a mobile phone application or through its website and who will deliver food orders from restaurants to customers at their homes and businesses.

2. As described further below, DoorDash has misclassified delivery drivers as independent contractors when they are actually employees. In so doing, DoorDash has violated Mass. Gen. L. c. 149 §§ 148B, 148 by failing to reimburse drivers' necessary business expenses such as gas and car maintenance and Mass. Gen. L. c. 151 §§ 1, 7 by failing to pay drivers the Massachusetts minimum wage after accounting for drivers' expenses and excluding their tips (as DoorDash is not entitled to take the tip credit against the minimum wage). Plaintiff brings this claim on behalf of all similarly

situated employees pursuant to Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 § 20.

## PARTIES

3.     Plaintiff Darnell Austin is an adult resident of Whitman, Massachusetts. He has worked as an DoorDash delivery driver in the Boston, Massachusetts area since October 2016.

4.     Defendant Doordash, Inc. ("DoorDash") is a Delaware corporation with its principal place of business in Palo Alto, California.

## STATEMENT OF FACTS

5.     DoorDash is a Palo Alto-based food delivery service, which provides food delivery services in cities throughout the country via an on-demand dispatch system. DoorDash offers customers the ability to request a driver on a mobile phone application or online through its website, who will go to the restaurant and pick up their food, then deliver it to the customer at their home or business.

6.     DoorDash's website homepage advertises that it offers "54,000 restaurants delivered in minutes" and its Boston webpage boasts "Get your favorite Boston restaurants delivered in under an hour" and advertises that "We also deliver to these cities near Boston," listing numerous Boston area suburbs.

7.     Although classified as independent contractors, DoorDash drivers like Plaintiff are actually employees under Massachusetts law.

8.     DoorDash delivery drivers perform services within DoorDash's usual course of business, food delivery. The drivers' services are fully integrated into DoorDash's business.

9.     Additionally, DoorDash drivers are not typically engaged in their own food delivery business. When delivering food for DoorDash customers, they wear the "hat" of DoorDash.

10.    In addition, DoorDash maintains the right of control over the drivers' performance of their job and exercises detailed control over them.

11.    For example, drivers must follow DoorDash's instructions regarding where to report for their shifts and where to go to pick up or await deliveries. Drivers can be penalized or terminated for missing scheduled shifts or cancelling their shifts too close to the start time. Drivers also must follow requirements and rules imposed on them by DoorDash and are subject to termination, based on DoorDash's discretion and/or their failure to adhere to these requirements (such as rules regarding their conduct with customers, their timeliness in making deliveries, and their ability to make sure customers' orders are accurate and complete, etc.).

12.    DoorDash has collected various metrics regarding its drivers performance, including (1) drivers' customer rating (out of five stars, with five being the highest), which is used to gauge customers' satisfaction with a delivery; (2) drivers' acceptance rating, which gauges how many deliveries drivers were assigned and accepted over the last 100 deliveries; and (3) drivers' completion rating, which gauges the number of deliveries drivers completed that they accepted. If drivers' ratings fall below DoorDash's minimum thresholds they may be terminated.

13.    Drivers do not receive minimum wage for all of the time they spend performing services for DoorDash. They are paid based on receiving a delivery fee for each delivery plus tips they receive from customers. However, DoorDash cannot count

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>
<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>

<hr/>
<hr/>

these tips towards its minimum wage obligations for the drivers since it is not eligible to take the tip credit against the minimum wage. See Mass. Gen. Laws Ann. ch. 151, § 7; 454 Mass. Code Regs. 27.03.

14. In addition, DoorDash delivery drivers, including Plaintiff Darnell Austin, incur expenses to perform their jobs, including expenses for their vehicles, gas, smartphone and data plan. DoorDash does not reimburse drivers for these expenses in violation of Massachusetts law.

15. These unreimbursed expenses also further drive the delivery drivers' pay below the state minimum wage. For example, Plaintiff Austin estimates that his weekly wage fell below the current Massachusetts minimum wage of $11.00 during the week of May 29, 2017, to June 4, 2017. During that week, he worked 18 hours and received a total of $223.57. After subtracting reimbursement for car expenses at the standard IRS mileage reimbursement rate, Plaintiff estimates he made $5.55 per hour, and even less than that when tips are deducted from his wages.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. Pursuant to the state law requirements as set forth in Massachusetts General Law Chapter 149 § 150, the above-named plaintiff submitted his statutory claims with the Office of the Attorney General and received a right to sue letter in order to proceed on these claims in court.

### COUNT I
### Wage Act
### MASSACHUSETTS GENERAL LAW CHAPTER 149 §§ 148, 148B

As set forth above, Defendant DoorDash has violated the Wage Act by misclassifying its drivers as independent contractors pursuant to § 148B and by failing

to reimburse them for their business expenses necessary to perform their work, such as gas and car maintenance, smartphones and phone data plans in violation of Gen. L. c. 149 § 148. This claim is asserted pursuant to Mass. Gen. L. c. 149 §150.

### COUNT II
### Minimum Wage
### MASSACHUSETTS GENERAL LAW CHAPTER 151 §§ 1,7

As set forth above, Defendant DoorDash has violated the Massachusetts Minimum Wage Law, M.G.L. c. 151, §§ 1 and 7, by failing to ensure that its delivery drivers are paid at least the full state minimum wage. This claim is brought pursuant to M.G.L. c. 151, § 20.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. R. Civ. P. 23 and/or Mass. Gen. L. c. 149 § 150 and Mass. Gen. L. c. 151 § 20;
2. Restitution for all damages due to the Plaintiff and other class members because of their misclassification as independent contractors and related wage law violations;
3. An injunction ordering DoorDash to cease its unlawful practices;
4. Statutory trebling of damages;
5. Attorneys' fees and costs
6. Prejudgment interest; and,
7. Any other relief to which Plaintiffs may be entitled.

Dated: September 26, 2017

5

Respectfully submitted,

DARNELL AUSTIN, on behalf of himself and all others similarly situated,

By his attorneys,

*/s/ Shannon Liss-Riordan*

Shannon Liss-Riordan, BBO # 640716
Adelaide Pagano, BBO # 690518
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com
apagano@llrlaw.com