UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DARNELL AUSTIN, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>DOORDASH, INC.,<br><br>      Defendant. | Case No. 1:17-cv-12498-IT |

**DEFENDANT'S SECOND NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant DoorDash, Inc. ("DoorDash") respectfully submits this Second Notice of Supplemental Authority in connection with its pending Motion to Compel Arbitration. DoorDash submits this Notice to inform the Court about two recent decisions from the United States Court District Court for the Northern District of California: *Manuel Magana v. Doordash, Inc.,* Docket No. 18-03395 (Oct. 22, 2018), a copy of which is attached hereto as **Exhibit A**, and *Dora Lee v. Postmates, Inc.*, Docket No. 18-03421 (Oct. 15, 2018), a copy of which is attached as **Exhibit B**.

The court in *Magana* compelled the plaintiff, a delivery driver who brought claims against DoorDash for allegedly misclassifying him as an independent contractor under California law, to arbitrate his claims against DoorDash, as he had promised to do in a written arbitration agreement. The court in *Magana* specifically rejected the argument advanced by Plaintiff here that drivers who use the DoorDash software application to complete deliveries are involved in the flow of interstate commerce, and thus exempt from the Federal Arbitration Act ("FAA"), "because they facilitate the transportation of goods that originated across state lines." *Id*. at 9. Thus, the Court compelled the plaintiff to arbitrate his claims because he was "not a transportation worker engaged in interstate commerce" under § 1 of the FAA.

The court reached a similar result in *Lee*, where a courier who brought claims against Postmates – a DoorDash competitor – for alleged independent contractor misclassification had invoked the transportation worker exemption to avoid her arbitration agreement. The court held that the exemption did not apply, explaining that it was aware of "no authority holding that couriers who deliver goods from local merchants to local customers are 'engaged in . . . interstate commerce' within the meaning of § 1 of the FAA merely because some such deliveries might include goods that were manufactured out of state." *Lee*, *supra* at 14. Thus, the court compelled the plaintiff to arbitrate her claims.

    Respectfully submitted,

    DOORDASH, INC.,

    By its attorneys,

    /s/ Michael Mankes
    Michael Mankes (BBO No. 662127)
    Francis J. Bingham (BBO No. 682502)
    LITTLER MENDELSON, P.C.
    One International Place, Suite 2700
    Boston, Massachusetts 02110
    (T) (617) 378.6000
    (F) (617) 737.0052
    mmankes@littler.com

Dated: October 29, 2018     fbingham@littler.com

- 3 -

## **CERTIFICATE OF SERVICE**

I, Michael Mankes, hereby certify that on this 29th day of October, 2018, the foregoing document was filed electronically through the ECF system, is available for viewing and downloading from the ECF system, will be sent electronically to counsel of record as registered participants identified on the Notice of Electronic Filing and via first class mail to all non-registered participants identified on the Notice of Electronic Filing.

/s/ Michael Mankes
Michael Mankes

Firmwide:154673232.1 084516.1021